IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Luther Joe Cyrus, | ) | Civil Action No. 4:12-1262-TLW |
| | ) | Cr. No. 4:03-106 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Luther Joe Cyrus (hereinafter "Petitioner" or "Defendant").

**PROCEDURAL HISTORY**

On January 8, 2003, a federal grand jury returned a single count Indictment against Petitioner charging him with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. 922(g)(1) and 924(e). (Doc. # 9). Subsequently, on April 23 2003, a Superseding Indictment was returned that added an additional count which charged Petitioner with conspiring to distribute and possessing with intent to distribute 5 grams or more of cocaine base, commonly known as crack cocaine, and 500 grams or more of cocaine, both Schedule II controlled substances, in violation of Title 21, U.S.C. Section 841(a)(1), all in violation of 21 U.S.C. Section 846. On December 3, 2003, an Information pursuant to 21 U.S.C. § 851 was filed.

A jury trial in Petitioner's case was held from December 15, 2003 through December 17, 2003. On December 17, 2003, after trial by jury, Petitioner was convicted of one count of being a

1

felon in possession of a firearm. (Doc. # 62). Petitioner was acquitted of the second count in the indictment, which alleged a drug conspiracy charge. Id.

The Government indicates that the prosecution in this case was the result of a criminal investigation, conducted jointly by the Federal Bureau of Investigation and the Pee Dee Violent Crime Task Force, which led to the execution of a search warrant in December of 2002 at Petitioner's residence, outbuildings and vehicles. During the search, six firearms were seized, including rifles, shotguns and a handgun, as well as numerous rounds of ammunition. Presentence Report (PSR) at ¶ 14. Also seized were four baggies of marijuana and a bag with cocaine residue. PSR at ¶¶ 14, 15. The Government indicates that a number of witnesses testified during the trial that Petitioner possessed firearms in connection with selling drugs.

The Presentence Report calculated Petitioner's offense level under the United States Sentencing Guidelines (U.S.S.G.) at level 34, based upon specific offense characteristics and a cross reference. Significantly affecting Petitioner's sentencing range was the mandatory sentencing enhancement provision included in the indictment, pursuant to 18 U.S.C. §924(e), based upon his prior convictions for crimes of violence and drug trafficking. Upon his conviction for felon in possession, and with at least three prior convictions for a crime of violence or a serious drug offense or both, Petitioner faced a statutory mandatory minimum sentence of fifteen years to life. 18 U.S.C. 924(e).

At the sentencing hearing on June 16, 2004, this Court found Petitioner qualified as an armed career offender, and further, based on the trial testimony, that Petitioner possessed the firearms in connection with another felony offense. Supplemental Joint Appendix (JA) at 14-51.[1] Pursuant to

---

[1] A copy of the Supplemental Joint Appendix is attached as Exhibit A to the Government's Memorandum in support of its Motion for Summary Judgment. To clarify, the

2

USSG §4B1.4(b)(3)(A), Petitioner's offense level was calculated at 34. This Court heard testimony regarding a guidelines obstruction of justice enhancement. Supplemental JA at 51-89. However, after hearing the case agent's testimony about alleged threats made by Petitioner's against members of the prosecution team, this Court sustained Petitioner's objection and denied the enhancement. Thus, Petitioner's final offense level remained at 34, with a criminal history category of VI, and a guideline range of 262-327 months. Supplemental JA at 91. Petitioner was sentenced to imprisonment for 324 months. Supplemental JA at 98.

Petitioner timely appealed the conviction. The Fourth Circuit Court of Appeals remanded the case for resentencing, in light of the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). See United States v. Luther Joe Cyrus, 132 Fed.Appx. 441 (4th Cir.2005) (unpublished). Upon remand, a resentencing hearing was held on February 22, 2006. (Doc. # 89). This Court considered the sentencing factors pursuant to 18 U.S.C. §3553. Finding that Petitioner had a significant prior record with crimes of violence and drug offenses, and that he possessed a large number of firearms and ammunition in the instant case, this Court determined that the original sentence imposed was appropriate. (Doc. # 100). Petitioner was again sentenced to a term of imprisonment for 324 months. (Doc. # 90).

Petitioner then sought to appeal his resentencing. (Doc. # 94). However, in United States v. Luther Joe Cyrus, 230 Fed. Appx. 349 (4th Cir. 2007) (unpublished), the appellate court determined the appeal was untimely filed and ordered it dismissed. Id. at 349. In August, 2007 Petitioner filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. §2255, claiming that his attorney was

---

Court cites to page numbers for the JA are as they are paginated for the District Court Docket for Entry # 137-2 automatically by the electronic filing system.

ineffective for failing to file a timely notice of appeal, among other issues. (Doc. # 104). The Government consented to the relief requested with regard to the timeliness issue. (Doc. # 109). On November 2, 2009, this Court partially granted Petitioner's motion, and vacated the sentence of conviction, then immediately reinstated and reimposed the conviction and sentence. (Doc. # 123). At this point, Petitioner again had opportunity to appeal his conviction and sentence. The remainder of his §2255 challenges were dismissed without prejudice. Id. Petitioner filed an appeal, challenging his sentence as unreasonable. United States v. Luther Joe Cyrus, 410 Fed.Appx. 731 (4th Cir. 2011) (unpublished). His sentence was affirmed on February 11, 2011, with the appellate court concluding the 324-month within guidelines sentence was procedurally reasonable and the district court's explanation supporting the sentence was adequate. Id. at 732. Petitioner did not seek certiorari in the United States Supreme Court.

On May 11, 2012, Petitioner filed the instant pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction, asserting claims of ineffective assistance of trial counsel as well as appellate counsel. (Doc. # 132). On June 12, 2012, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Doc. # 137). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed June 13, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 139). Petitioner filed a response on July 23, 2012. (Doc. # 143).[2] The matter is now ripe for decision.

---

[2] On July 23, 2012, Petitioner also filed a request for a scheduling order for discovery. Rule 6(a) of the Rules Governing Section 2255 Proceedings states, "A judge may, for good cause, authorize a party to conduct discovery ...." After careful review and consideration, the Court is not persuaded to grant this request. Accordingly, Petitioner's request for a scheduling order for discovery (Doc. # 141) is hereby **DENIED**.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

5

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 137). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner asserts four grounds for relief, with various subparts, the majority of which are based upon a theory of ineffective assistance counsel. (Doc. # 132). Petitioner's claims set forth verbatim are as follows:

1. Sixth Amend violation to effective assistance of counsel in not pursuing a meaningful non-trial disposition on behalf of the petitioner. At pre-trial, counsel informed petitioner that a plea offer to 15 yrs with providing substantial assistance on criminal activities involving others in this area, was on the table. However, counsel informed that if rejected the possible exposed maximum sentence will be 18 yrs for both counts pending.

2. Sixth Amend violation for the used [sic] of illegal convictions that occurred while in custody as State penal Institution, for career status. The Petitioner was imprisoned between 1985 through 1999 in State custody and could not have committed the alleged 1990 assault and battery and the 1994 Four marijuana distribution both of which were used to classify petitioner as a career offender under 18 USC § 924(e).

3. Counsel prevented petitioner from testifying at trial. The petitioner had wanted to take the stand to defend the alleged illegal conviction pined on him and explain to the jury that he could not have committed the 1990 and 1994 crimes as alleged while at the same time serving a state prison sentence.

4. Sixth Amend violation to a jury trial when acquitted drug charge was used in the imposition of sentence as a career offender above statutory maximum. The jury acquitted the petitioner for the alleged drug offense. At sentencing, the court used the same acquitted drug charge in the imposition of sentence beyond the statutory maximum by alleging that the firearm conviction was in furtherance of the acquitted drug charge even though it was a residue for personal use only.

In his memorandum in support of his § 2255 Petition, Petitioner also raises an additional claim:

5. Grand Jury & Petit Jury Selection Wheel Process:
   Petitioner alleges that the Jury Wheel Pool selection process was violated during his criminal prosecution and counsel failed to investigate and challenge accordingly in violation of the petitioner's sixth amendment right. See Test v. US, 420 US 28 (19795).

In his Petition and supporting documents, Petitioner contends that he was denied the effective assistance of both trial and appellate counsel. The Government asserts that each of Petitioner's complaints is without merit.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir.1987)).

Under the first prong of Strickland, we apply a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Id. (citing Strickland, 466 U.S. at 689). For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. (citing Strickland at 687). The reasonableness of a lawyer's trial performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." Id. (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689).

In order to establish prejudice under Strickland 's second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the

8

ground of lack of prejudice. Strickland 466 U.S. at 697.

The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689. (Citations omitted).

The Strickland standard applies to an alleged ineffective counsel at trial claim as well as to an ineffective appellate assistance charge. United States v. Merida, 985 F.2d 198, 202 (5th Cir.1993). Ineffective appellate assistance may be shown if a defendant can establish that counsel omitted appealing significant and obvious issues, pursuing instead issues that were significantly weaker. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994).

In his first claim for relief, Petitioner asserts that he was denied effective assistance of counsel because his trial counsel failed to pursue negotiating a beneficial guilty plea, and also that his counsel erroneously advised him as to the maximum sentence and consequences if convicted after a trial. In his §2255 motion, Petitioner asserts that his attorney told him that the Government had offered a plea to a term of imprisonment for fifteen years, but that such plea also required that Petitioner cooperate with the government and provide information about criminal activities in the

area. Petition at 4. Petitioner also claims his attorney told him that his maximum sentence exposure was eighteen years. Petition at 4.

To prevail, Petitioner must show, under the test enunciated in Strickland v. Washington, that his attorney's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's conduct. Strickland, 466 U.S. at 694. If Petitioner was claiming ineffective assistance of counsel in the context of a guilty plea, he would have to show that "...there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted in going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The prejudice inquiry focuses on whether counsel's performance affected the outcome of the plea process. Hill, 474 U.S. at 59. The Government indicates that although here we have a Petitioner complaining about the opposite situation, i.e., that his counsel's ineffective performance caused him to proceed to trial instead of negotiating a guilty plea, courts have applied the same Strickland/Hill test in that circumstance.

Two recent Supreme Court opinions discussed similar issues. On March 21, 2012, the Supreme Court announced its decisions in Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012). In Laffler v. Cooper, the defendant claimed he was prejudiced by his counsel's advice that he should reject the prosecution's formal plea offer and stand trial. The Laffler Court summarized as follows:

> To establish Strickland prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. In Hill, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show "that there is a reasonable probability that, but for counsel's errors,[the defendant] would not have pleaded guilty and would have insisted on going to trial."

In contrast to Hill, here the ineffective advice led not to an offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. Here, the Court of Appeals for the Sixth Circuit agreed with that test for Strickland prejudice in the context of a rejected plea bargain. This is consistent with the test adopted and applied by other appellate courts without demonstrated difficulties or systemic disruptions.

Lafler v. Cooper, 132 S.Ct. 1376, 1384 -1385 (U.S. 2012)(citations and parentheticals omitted).

In the instant case, it is not alleged that counsel advised Petitioner not to accept a plea. It was Petitioner who rejected any agreement that required his cooperation. Petition at 4. Petitioner has failed to show that there was a reasonable probability he would have accepted any plea offer from the Government that required cooperation.

In Missouri v. Frye, the defendant claimed ineffective assistance of counsel when his attorney failed to communicate to him the terms of a formal plea offer from the prosecution. The Frye court held that defense counsel has a duty to convey formal plea offers that may be favorable to the accused; however, to show prejudice, a defendant must demonstrate a reasonable probability that he would have accepted a guilty plea and that the trial court would have accepted it. Frye, at 1409. This case is not applicable here since Petitioner does not contend his counsel did not communicate plea offers from the government to him.

In United States v. Merritt, a 2004 unpublished Fourth Circuit opinion, the defendant asserted in a §2255 motion that he received ineffective assistance of counsel when his attorney provided him

11

with erroneous pretrial advice about his potential sentencing exposure if he plead guilty. United States v. Merritt, 102 Fed. Appx.303 (4th Cir.2004). In Merritt, the defendant was offered a plea to an eighteen-month term of imprisonment, which his attorney encouraged him to accept. Id. at 307. Merritt rejected the plea after being told by his counsel that his maximum sentencing exposure was forty-one months if he went to trial. Id. at 307. After trial and sentencing, Merritt received a sentence of 140 months. Id. at 307. The court focused its inquiry on whether Merritt had shown his attorney provided him with "gross misadvice" regarding his sentencing exposure and whether there was a reasonable probability Merritt would have accepted the plea offer but for the bad advice. Id. at 307. The appellate court found Merritt failed to establish ineffective assistance. The court determined Merritt's attorney demonstrated familiarity with the "structure and content of the Sentencing Guidelines," and correctly advised the defendant about his sentencing exposure pretrial. However, events which occurred after trial, such as additional criminal conduct and a bond revocation, affected his guidelines and caused them to be enhanced and greater than initially calculated by his counsel. Id. at 309. Thus the appellate court held that at the time of the pretrial negotiations, trial counsel had a reasonable basis for his advice, and he had rendered reasonable professional assistance. Id. at 309.

In the instant case, Petitioner now claims that if he had known of the benefit of "just pleading out, he would have done so." Memorandum in Support of Petition at 2. However, Petitioner admits that trial counsel did inform him that the government had offered a plea to a fifteen year term of imprisonment. Id. Apparently, that plea offer came with the requirement that Petitioner cooperate and provide information and assistance, and Petitioner chose not to agree. Petitioner now says that if he had known "he could plead out and get acceptance of responsibility," he would have done so. But Petitioner makes no showing that his attorney failed to communicate the terms of the offer or

gave him erroneous advice. Further, Petitioner's counsel could not have assured him he would be credited with a reduction for acceptance of responsibility, as such decrease in offense level does not automatically accompany a guilty plea. As set out in Application Note 1(A) to U.S.S.G. §3E1.1, an appropriate consideration in determining whether a defendant qualifies for the acceptance of responsibility reduction includes "... truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct...."

In the affidavit of Petitioner's trial counsel, John M. Ervin III, states that he advised Petitioner of "...any and all plea offers made by the Government...." Ervin Affidavit, attached as Exhibit B to the Government's Memorandum in support of Motion for Summary Judgment. In addition, Attorney Ervin states he never discussed an eighteen-year sentence with Petitioner, because "...his guideline range was much higher." Id. The indictment itself gave Petitioner notice that he faced an enhancement with a mandatory minimum sentence of fifteen years to life, pursuant to 18 U.S.C.§924(e). Although during the pretrial and trial stage, trial counsel may not have known the specifics of Petitioner's prior record, it appears unlikely that counsel would have advised Cyrus he had a maximum sentencing exposure of eighteen years when he was charged with a §924(e) sentencing enhancement. Petitioner's unsupported allegations fail to show that his attorney's representation fell below an objective standard of reasonableness or that counsel's performance caused him to reject the government's plea offer. His claims fail under the Strickland/Hill standards. See United States v. Evans, 429 Fed. Appx. 213, 215 (4th Cir.2011) (unpublished).

As to Petitioner's second ground for relief, Petitioner asserts that his trial counsel was ineffective for failing to allow him to testify at trial. However trial counsel's statement in his

affidavit, as well as the transcript from the trial itself belies this allegation.[3] During a recess while the defense was presenting its case, this Court addressed Petitioner to ensure that he understood his right to testify, but could waive that right and remain silent. Trial Transcript at 156-159. Petitioner's attorney informed the Court that he had discussed with Petitioner whether he intended to testify, and was advised that his client did not. Trial Transcript at 156. This Court then addressed Petitioner directly:

> Mr. Cyrus, Let me be sure that you understand that you do have a right to testify if you choose to.... the decision about whether or not to testify is your decision and your decision alone... Do you understand that you have the right to testify if you choose to do that?
>
> Do you also understand if you choose not to testify, that's your right, too, you have the right not to testify...."
>
> Trial Transcript at 157-158.

Petitioner answered affirmatively, and told the Court he chose not to testify. Trial Transcript at 157-158. This Court further explained to Petitioner that if he chose not to testify, that decision must be made freely and voluntarily. Trial Transcript at 158. The Court asked, "Has anyone pressured you to testify or not testify in this case?" Petitioner responded that he had decided not to testify, that his decision was made voluntarily, and that he had discussed the matter with his lawyer and was satisfied with his attorney's advice. Trial Transcript at 158. After questioning Petitioner in detail, this Court found Petitioner, with the advice of counsel, freely and voluntarily made the decision not to testify. Trial Transcript at 159.[4]

---

[3] Copies of the relevant pages of the trial transcript are attached as Exhibit C to the Government's Memorandum in Support of Motion for Summary Judgment.

[4] Attorney Ervin states in his affidavit that "[C]ounsel did not prevent the petitioner from testifying at trial." Ervin Affidavit, attached as Exhibit B to the Government's Memorandum in support of Summary Judgment.

After a careful review and consideration of the record, this Court concludes that Petitioner's argument is without sufficient legal merit. He was clearly advised by this Court, as well as his counsel, about his constitutional rights with regard to his decision to testify or not to testify. Contrary to his assertions now, the record reflects that his decision not to take the stand was of his own choosing, made freely and voluntarily and with advice of counsel.

As to Petitioner's third ground for relief, Petitioner complains his classification as an armed career offender, pursuant to 18 U.S.C. 924(e), was based upon erroneous information, and that his trial counsel was ineffective for failing to challenge convictions for assault and battery in 1990 and for marijuana distribution in 1994. However, Petitioner's armed career offender designation was based upon his prior state convictions for aggravated assault and battery in 1977 and three cocaine trafficking convictions in 1986. PSR at pps. 14-15; See also Ervin Affidavit attached as Exhibit B to the Government's Memorandum in support of its Motion for Summary Judgment ("The Petitioner was classified as an armed career criminal based on a prior 1977 aggravated assault and battery and 1985 trafficking convictions. There was no 1990 assault and battery or 1994 marijuana distributions used as predicates for armed career criminal purposes"); See also copies of state court indictments and judgments attached as Exhibit D to the Government's Memorandum in support of its Motion for Summary Judgment. Section 924(e)(1) provides for a mandatory sentence of fifteen years to life for "... a person who violates section 922(g)... and has three previous convictions... for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." In the instant case, Petitioner was convicted by a jury of a violation of 18 U.S.C. 922(g), which satisfied the first requirement for the sentencing enhancement. In addition, Petitioner had predicate convictions for an aggravated assault in Williamsburg County in 1977, and for three separate

occasions of trafficking in cocaine in Williamsburg County in 1986. See PSR at pps. 14-15. These prior convictions satisfied the second element of having three prior convictions for a violent felony or serious drug offense on occasions different from one another. Petitioner's counsel at sentencing had no basis to object. Nor is there a basis now for Petitioner to claim trial counsel was ineffective.

As to Petitioner's fourth ground for relief, Petitioner argues that his trial and appellate counsel were ineffective when they failed to challenge the District Court's finding at sentencing that he possessed the firearms in connection with a controlled substance offense. Supplemental JA at 50.[5] Petitioner was acquitted on the drug conspiracy charges at trial, but those drugs and the witnesses' testimony about Petitioner's connection to the drugs were the basis for an enhancement under USSG 4B1.4. Supplemental JA at 11-13, 14-51. At sentencing, Petitioner's counsel strongly objected to the use of the acquitted conduct, reasoning that the jury found the testimony unreliable and that the government did not prove the challenged acts by a preponderance of the evidence. Supplemental JA at 13. Counsel for both parties had opportunity to summarize the witnesses' testimony and trial evidence in their arguments to the Court. Supplemental JA at 14-41. After hearing argument as well as reviewing trial testimony, this Court found the testimony of three key government witnesses describing Petitioner's drug activities supported a finding by a preponderance of the evidence that the firearms were possessed in connection with a controlled substance offense. Supplemental JA at 45-51. The Court determined cocaine and cocaine residue, as well as drug paraphernalia such as scales, were found in the house where the guns were located, in close proximity to the firearms. Supplemental JA at 48-49. There is both Supreme Court and Fourth Circuit precedent holding a

---

[5]Again, a copy of the Supplemental Joint Appendix is attached as Exhibit A to the Government's Memorandum in support of its Motion for Summary Judgment. To clarify, the Court cites to page numbers for the JA are as they are paginated for the District Court Docket for Entry # 137-2 automatically by the electronic filing system.

16

sentencing court may consider uncharged and acquitted conduct in determining a sentence, so long as that conduct is proven by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148 (1997) and United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). In United States v. Pate, a 2009 unpublished decision of the Fourth Circuit, a defendant in similar circumstances as Petitioner proffered a similar challenge. Pate, the defendant, entered a guilty plea to one count of felon in possession of a firearm. He was sentenced as an armed career offender, and enhanced for possessing a firearm in connection with another felony pursuant to USSG 4B1.4(b)(3)(A). United States v. Pate, 347 Fed. Appx 931 (4th Cir.2009). At sentencing, the court found he had possessed the firearm in connection with drug activity. Id. The appellate court found the district court did not err in applying the enhancement, where a rifle was found near a set of hand scales and drugs packaged for sale. Id.

In Petitioner's case, the Government met the preponderance of the evidence standard by proving that Petitioner possessed numerous guns and, then, through witnesses' testimony and other evidence, that the guns were connected to his drug activities. This Court properly considered Petitioner's acquitted drug activities after finding the conduct was proven by a preponderance of the evidence. Trial counsel challenged the evidence and enhancement at sentencing; however, this Court found the enhancement was proper.

An ineffective appellate assistance claim is governed by the same standards announced in the Strickland case. United States v. Merida, 985 F.2d 198, 202 (5th Cir.1993). In United States v. Larry V. Fox, an unpublished Fourth Circuit opinion, the Court noted ineffective assistance of appellate counsel may be demonstrated if a petitioner can "... establish that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker...."

United States v. Fox, 91 F.3d 135 at *2 (4th Cir 1996) (unpublished) (internal citations omitted). In fact, an attorney may decline to appeal a non-frivolous issue if appealing a weak argument would have the effect of diluting stronger arguments on appeal. Jones v. Barnes, 463 U.S. 745, 752 (1983). Effective assistance of appellate counsel does not require the presentation of frivolous issues. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir.2000) (en banc). In the appeal of Petitioner's case, appellate counsel filed a brief challenging the reasonableness of Petitioner's sentence after remand and resentencing. See United States v. Luther Joe Cyrus, 410 Fed.Appx.731 (4th Cir.2011). This necessitated the Court's consideration of both the procedural and substantive reasonableness of Petitioner's sentence. Id. After considering the record as a whole, including the Court's finding with regard to the number of firearms and ammunition recovered and the presence of drugs and drug paraphernalia, the Appellate Court affirmed the judgment of the District Court. Id. at 732. After careful review and consideration, this Court finds that appellate counsel's performance was professional and reasonable under Strickland standards, and that Petitioner fails to establish prejudice.

In his final ground for relief, Petitioner asserts that the "jury wheel pool" was violated, but offers little rationale to support this claim. This Court cannot conclude on this assertion alone that Petitioner has satisfied the Strickland standards with regards to this claim for relief.

This Court has carefully considered each of Petitioner's claims for relief as asserted in his Petition. This Court is not sufficiently persuaded that Petitioner has satisfied either of the Strickland prongs in relation to any of his asserted grounds for relief. In each instance Petitioner has made an assertion that counsel has failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 132) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 137). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253©, this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
September 27, 2012                                  United States District Judge
Florence, SC